

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00410-CR

LASHUNDRA TANA LOCKHART                    APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lashundra Tana Lockhart was charged with fraudulent possession of a controlled substance or prescription, namely dihydrocodeinone (hydrocodone). *See* Tex. Health & Safety Code Ann. § 481.129(a-1) (West Supp. 2013). Lockhart filed a motion to quash the indictment, alleging that section 481.129(a-1) of the health and safety code is unconstitutionally vague.

---

[1]*See* Tex. R. App. P. 47.4.

The trial court denied the motion after a hearing. Lockhart then entered into a plea bargain, expressly reserving her right to appeal the denial of her motion to quash. Pursuant to the plea bargain, the trial court deferred adjudication, placed Lockhart on community supervision for three years, and imposed a $300 fine.

In one issue, Lockhart appeals the denial of her motion to quash the indictment. Lockhart alleges that health and safety code section 481.129(a-1) fails to give persons of common intelligence fair notice that their conduct was prohibited by the statute because the term "medically necessary" is not specifically defined and is not a term of common understanding. Section 481.129(a-1) provides,

> A person commits an offense if the person, with intent to obtain a controlled substance or combination of controlled substances that is not medically necessary for the person or an amount of a controlled substance or substances that is not medically necessary for the person, obtains or attempts to obtain from a practitioner a controlled substance or a prescription for a controlled substance by misrepresentation, fraud, forgery, deception, subterfuge, or concealment of a material fact. For purposes of this subsection, a material fact includes whether the person has an existing prescription for a controlled substance issued for the same period of time by another practitioner.

*Id.*

When a court analyzes a statute pursuant to a vagueness challenge and when, as here, no First Amendment rights are involved, the reviewing court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). The challenging party bears the burden to

2

establish that the statute is unconstitutional as applied to her; that it might be unconstitutional as applied to others is not sufficient. *See Vuong v. State*, 830 S.W.2d 929, 941 (Tex. Crim. App.), *cert. denied*, 506 U.S. 997 (1992).

Lockhart asserted in her motion and asserts on appeal that the phrase "not medically necessary" depends upon the circumstances of the individual receiving treatment. She states, "What is medically necessary as to one person may be medically absurd to another." While this statement may be true, Lockhart does not articulate how the statute is impermissibly vague *as applied to her specific conduct*. She was charged with obtaining or attempting to obtain from a practitioner hydrocodone that was not medically necessary for her by concealing the material fact "that she had an existing prescription for the controlled substance issued for the same period of time by another practitioner."[2] Lockhart presented no argument to the trial court and presents none on appeal that the phrase "not medically necessary" is vague as applied to her alleged conduct, which involved concealing the fact that she had an existing prescription for that

---

[2]Specifically, the indictment alleged that Lockhart

> knowingly with the intent to possess, obtain or attempt to possess or obtain a controlled substance or a combination of controlled substances that was not medically necessary for [her] or an amount of a controlled substance or substances that was not medically necessary for [her], obtain[ed] or attempt[ed] to obtain from a practitioner a controlled substance, to-wit: not more than 15 milligrams of dihydrocodeinone (hydrocodone) or any of its salts, per dosage unit, with one or more active, nonnarcotic ingredients in recognized therapeutic amounts, by concealment of a material fact, to-wit: that she had an existing prescription for the controlled substance issued for the same period of time by another practitioner.

same substance.  Similarly, we cannot see how the statute is impermissibly vague as applied to the specific conduct alleged in the indictment.  *See Bynum*, 767 S.W.2d at 775; *see also Corwin v. State*, 870 S.W.2d 23, 29 (Tex. Crim. App. 1993) ("That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold language too ambiguous to define a criminal offense.") (quoting *United States v. Petrillo*, 332 U.S. 1, 7, 67 S. Ct. 1538, 1542 (1947)), *cert. denied*, 513 U.S. 826 (1994).

Because Lockhart has not satisfied her burden to show that section 481.129(a-1) is unconstitutionally vague specifically as applied to her conduct, we hold that the trial court did not err by denying her motion to quash the indictment.  *See Vuong*, 830 S.W.2d at 941.  We overrule her sole issue on appeal and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 12, 2014